UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOE ROBBINS, | Civil Case No. |
| *Plaintiff*, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SCOTT SVEHLA; SCOTT'S BREWERY COLLECTIBLES, LLC; NICHOLAS MARTIN; SPORTS-4-LESS; JERRY MILLER; and PHARMACY STATION, INC. | |
| *Defendants*. | |

Plaintiff Joe Robbins, by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, demands a trial by jury of all claims and issues so triable, and for his Complaint against Defendants Scott Svehla; Scott's Brewery Collectibles, LLC; Nicholas Martin; Sports-4-Less; Jerry Miller; and Pharmacy Station, Inc., hereby asserts and alleges as follows:

### THE PARTIES

1. Plaintiff Joe Robbins ("Robbins") is a photographer who makes his living taking and licensing sports-related photographs, including photography of National Football League ("NFL") games, teams, and events.

2. Plaintiff Robbins is a resident of the state of Kentucky.

3. By and in this action, Plaintiff asserts claims for copyright infringement against Defendants related to their unauthorized copying, displaying, publishing, and other uses of Plaintiff's original and copyrighted photograph.

1

4. This action involves one of Plaintiff's game-action photographs of Aaron Rodgers, quarterback of the NFL's Green Bay Packers (referred to herein as the "Photograph"):



5. Upon information and belief, Defendant Scott Svehla ("Svehla") owns and/or does business as Scott's Brewery Collectibles, LLC ("SBC").

6. Upon information and belief, Defendant Svehla is the founder and sole owner of SBC and is responsible for all of the actions of SBC, including selecting the items and products it displays and sells, as well as all other actions and conduct by SBC alleged herein.

7. Defendants Svehla and SBC are in the business of selling sports collectibles, including prints, posters, canvases, and other memorabilia.

8. Defendants Svehla and SBC own and/or operate various stores located in Wisconsin, both now and at various times since 2009.

9. Upon information and belief, Defendants Svehla and SBC owned and/or operated stores in this District, including in Madison, Wisconsin, between 2009 and the present.

10. At each of their store locations, Defendants Svehla and SBC display and offer for sale prints, canvases, and other memorabilia items for various Wisconsin sports teams, including the NFL's Green Bay Packers.

11. Upon information and belief, Defendant Nicholas Martin ("Martin") owns and/or does business as Sports-4-Less ("S4L").

12. Upon information and belief, Defendant Martin is the founder and sole owner of S4L and is responsible for the actions of S4L, including selecting the products it displays and sells and the content of the websites it created and published, as well as all other actions and conduct by S4L alleged herein.

13. Defendants Martin and S4L are in the business of selling sports collectibles, including prints, posters, canvases, and other memorabilia.

14. Defendants Martin and S4L own and/or operate a website located at http://www.sports-4-less.com through which they advertise and sell their products and otherwise promote their store and brand.

15. Defendants Martin's S4L website is fully interactive and permits customers to purchase and pay for items directly and to have the products shipped to their homes.

16. Defendants Martin and S4L created and control a Facebook page located at https://www.facebook.com/pages/Sports-4-Less/145632152192857.

17. Defendants Martin and S4L created and control a Twitter feed located at https://twitter.com/sports_4_less.

22. Defendants Martin and S4L created and control a YouTube user channel located at https://www.youtube.com/user/Sports4Less.

19. Defendants Martin and S4L use their website, Facebook page, Twitter feed, and YouTube channel to advertise and promote their store, brand, and products.

20. Upon information and belief, Defendants Martin and S4L also sell their products through third-party retail websites, including but not limited to www.amazon.com.

21. Upon information and belief, Defendants Martin and S4L sell their products through Amazon.com under the fictitious name "Canvas King."

22. In their store locations and through their website and social media outlets, Defendants Martin and S4L publish, advertise, display, and offer for sale sports collectibles for various Wisconsin sports teams, including the University of Wisconsin Badgers, Milwaukee Brewers, and Green Bay Packers.

23. Upon information and belief, Defendant Jerry Miller ("Miller") owns and/or does business as Signature Sports, a business entity, form unknown, doing business in Illinois, including operating a store located in McHenry, Illinois.

24. Upon information and belief, Miller is a wholesale distributor in the business of selling sports collectibles, including prints, posters, canvases, and other memorabilia to retailers.

25. Upon information and belief, Defendant Martin rents or leases his store location from Defendant Miller; Defendant Miller is Martin's landlord.

26. Upon information and belief, Defendant Miller is Martin's supplier for prints and canvases, including the items at issue in this action.

27. Defendant Pharmacy Station, Inc. ("Pharmacy Station") is an independent pharmacy with three stores located in Burlington, Elkhorn, and Waterford, Wisconsin.

28. Pharmacy Station also sells sports memorabilia, including prints and canvases of sports-related photographs.

**JURISDICTION AND VENUE**

29. Defendants infringed Plaintiff's copyrights in the Photograph by copying, displaying, publishing, offering for sale, and selling products, including prints and canvases, that included unauthorized copies of Plaintiff's Photograph.

30. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Western District of Wisconsin pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

31. Venue is proper in this Court under 28 U.S.C. § 1391(b) since the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(b) since Defendants infringed Plaintiff's copyrights in this District, and because all Defendants reside, may be found in, do business in, or infringed Plaintiff's copyrights in this District.

32. Upon information and belief, Defendants Svehla and SBC conduct business at various stores located in Wisconsin, including but not limited to operating stores in Greendale and Madison, Wisconsin.

33. Upon information and belief, Defendants Svehla and SBC conduct substantial and continuous business in Wisconsin in this District and have displayed and offered for sale items that included unauthorized copies of Plaintiff's Photograph at their stores located in Wisconsin and this District.

34. Upon information and belief, Defendant Pharmacy Station displayed and offered for sale items that included unauthorized copies of Plaintiff's Photograph in their stores located in Wisconsin and this District.

35. Upon information and belief, Defendants Martin and S4L displayed, offered for sale, and did sell items that included unauthorized copies of Plaintiff's Photograph to customers who are residents of Wisconsin and this District.

36. Upon information and belief, Defendants Martin and S4L displayed, offered for sale, and did sell items that included unauthorized copies of Plaintiff's Photograph to customers who are residents of Wisconsin and this District through the S4L website and/or its other online retail outlets.

37. All Defendants conduct substantial and ongoing business in Wisconsin and this District, including purchasing inventory for their stores.

38. Upon information and belief, Defendants purchased the infringing items at issue in this action from companies or persons located in Wisconsin and doing business in this District.

39. Defendants infringements alleged herein are part of a larger pattern and practice of their selling counterfeit products purchased from companies or persons located in Wisconsin and doing business in this District.

**FACTUAL ALLEGATIONS**

40. Plaintiff created and is the sole author and exclusive owner of all copyrights in and to the Photograph.

41. Plaintiff's copyrights in and to the Photograph have been registered with the United States Copyright Office.

42. Plaintiff makes his Photograph available for sale and licensing through Getty Images.

43. Plaintiff's relationship with Getty Images is governed by a contractual agreement (a so-called "contributor agreement") in which Plaintiff authorizes Getty Images, according to specified conditions and limitations, to sell licenses to his works to customers in exchange for Getty Images' paying a specified percentage of the license fees to Plaintiff.

44. Under his contributor agreements, Getty Images is required to report to Plaintiff the sale of any licenses involving Plaintiff's works.

45. Getty Images never reported to Plaintiff that it sold any licenses involving his photos to any of the Defendants in this action.

46. Getty Images never reported to Plaintiff that it sold any licenses involving his Photograph at issue in this action to any of the Defendants in this action.

47. Plaintiff has never granted a license or permission to use his Photograph to any of the Defendants in this action.

48. Defendants did not have a license, authorization, or permission to copy, publish, display, sell, or create derivative works using copies of Plaintiff's Photograph.

49. Despite having never obtained a license or valid permission to use Plaintiff's Photograph for any purpose, Defendants copied, published, displayed, distributed, offered for sale, and/or sold products and items that involved unauthorized copies of Plaintiff's Photograph.

50. Any and all uses of Plaintiff's photographs by the Defendants were unauthorized and infringing.

## COUNT I

## DIRECT, CONTRIBUTORY, and/or VICARIOUS COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

51. Plaintiff repeats and re-alleges each of the above allegations as if set forth fully herein.

52. Plaintiff created and owns all copyrights in and to the Photograph.

53. Plaintiff's copyrights in and to the Photograph at issue in this action have been registered with the United States Copyright Office

54. Defendants copied, published, distributed, sold, and/or otherwise used or exploited Plaintiff's Photograph without permission, license, or authorization, including but not limited to by displaying and offering for sale items that included unauthorized copies of Plaintiff's Photograph.

55. Defendants Martin and Svehla knowingly caused, enabled, and/or materially contributed to the unauthorized and infringing uses of Plaintiff's Photograph by Defendants S4L and SBC, respectively.

56. Defendants Martin and Svehla intentionally induced, materially contributed to, and otherwise facilitated the directly infringing acts carried out by Defendants S4L and SBC, respectively.

57. Upon information and belief, Defendant Miller has actual knowledge that Martin has sold and continues to sell infringing products in his Sports-4-Less store.

58. Upon information and belief, Miller has the right and ability to supervise and prevent Martin's infringements as both his supplier and landlord.

59. Upon information and belief, Miller financially benefits from Martin's infringements because Martin is a customer and tenant.

60. Upon information and belief, Miller supplied Martin/S4L with the unauthorized copies of Plaintiff's Photograph.

61. Defendants actions alleged herein were willful, knowing, intentional, and/or reckless.

62. Plaintiff seek all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiff's copyrighted works. Plaintiff also seek all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A jury trial on all issues so triable;

2. A preliminary and permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or selling any publications or materials that include Plaintiff's works identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendants' profits attributable to infringement, and damages suffered as a result of the lack of credit and attribution;

4. All allowable damages caused by and/or resulting from Defendants' violation and infringement of Plaintiff's moral rights in and to these creative visual works;

5. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

6. Any other relief authorized by law, including punitive and/or exemplary damages; and

7. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated July 28, 2016

                                            Respectfully submitted,

                                            THE MCCULLOCH LAW FIRM, PLLC

By: _____
                                            Kevin P. McCulloch
                                            Nate Kleinman
                                            155 East 56th Street
                                            New York, New York 10022
                                            T: (212) 355-6050
                                            F: (206) 219-6358
                                            kevin@mccullochiplaw.com
                                            nate@mccullochiplaw.com

                                            *Attorneys for Plaintiff*