IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOE ROBBINS,

                          Plaintiff,

    v.                                                                                                  OPINION & ORDER

SCOTT SVEHLA,
SCOTT'S BREWERY COLLECTIBLES, LLC,                 16-cv-532-jdp
NICHOLAS MARTIN, SPORTS-4-LESS,
PHARMACY STATION, INC., and GERALD MILLER,

                        Defendants.

---

       Plaintiff Joe Robbins, a sports photographer, brings copyright infringement claims against defendants, alleging that they have copied and are currently copying, displaying, publishing, distributing, and otherwise infringing his copyright in one of his photographs (of Aaron Rodgers, quarterback for the Green Bay Packers). Defendants are sports memorabilia dealers.

       Now defendants Nicholas Martin d/b/a Sports-4-Less and Gerald Miller, Dkt. 12, and Scott Svehla d/b/a Scott's Brewery Collectibles, LLC, Dkt. 15, move to dismiss the first amended complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). All moving defendants offer the same basis for dismissal: Robbins did not possess a valid copyright registration when he commenced this action. Robbins responds that the "application approach" controls here and that the fact that he *applied* for registration is sufficient. The court declines to adopt the application approach and will, as a result, grant defendants' motions.

ALLEGATIONS OF FACT

Very few factual allegations are relevant to the court's analysis here. In short, Robbins alleges that defendants' alleged infringements "are part of a larger pattern and practice of these Defendants selling what amounts to counterfeit products that feature unlicensed and infringing reproductions of photographs." Dkt. 4, ¶ 54. Robbins intends to pursue claims on behalf of himself and all other copyright owners "whose photographs were obtained and used without valid license or permission . . . in products that eventually were distributed to the named Defendants for sale in their stores and on their websites." *Id.* ¶ 58.

Robbins initially alleged that he had registered his copyright in the photograph with the United States Copyright Office. *Id.* ¶ 44. But now Robbins concedes that he does not have a registration number or a certificate of registration. Dkt. 18, at 2 ("Plaintiff does not dispute that the United States Copyright Office has not yet issued a certificate of registration for the photograph at issue in this action.").

The court has subject matter jurisdiction over Robbins's claims pursuant to 28 U.S.C. §§ 1331 and 1338.

ANALYSIS

"Subject to certain exceptions, the Copyright Act . . . requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) (citing 17 U.S.C. § 411(a)). 17 U.S.C. § 411(a) states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Compliance with § 411(a) is a precondition to filing a civil infringement claim.

*Reed Elsevier*, 559 U.S. at 157. The issue here is whether an applicant may institute a civil infringement action after *applying* to register a work but before receiving a decision from the Register, i.e., whether registration is made upon filing an application.

"The circuits have split over whether registration is complete when an application is made or only after the Copyright Office has acted on the application." *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 806 (7th Cir. 2009) (collecting cases, acknowledging the circuit split, and declining to take a side). The Seventh Circuit has not offered clear, decisive guidance on the issue. *Compare Chi. Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003) ("Although a copyright no longer need be registered with the Copyright Office to be valid, an application for registration must be filed before the copyright can be sued upon."), *with Gaiman v. McFarlane*, 360 F.3d 644, 655 (7th Cir. 2004) (commenting that "an application to register must be filed, and either granted or refused, before suit can be brought"). And it appears that the district courts in this circuit have interpreted these statements in different ways. *Compare Poblocki Paving Corp. v. Johnson & Sons Paving, LLC*, No. 15-cv-1515, 2016 WL 1700390, at *2 (E.D. Wis. Apr. 27, 2016) ("Though it is unclear whether *Gaiman* reflects a firm, final stance by the Court of Appeals on the issue, the quoted holding has not been called into question."), *and TriTeq Lock & Sec. LLC v. Innovative Secured Sols., LLC*, No. 10-cv-1304, 2012 WL 394229, at *4 (N.D. Ill. Feb. 1, 2012) ("The mere filing of an application for copyright registration does not satisfy the statutory requirement that a copyright must be registered prior to the initiation of an infringement action."), *with Panoramic Stock Images, Ltd. v. John Wiley & Sons, Inc.*, 963 F. Supp. 2d 842, 849-50 (N.D. Ill. 2013) ("In the absence of controlling authority from the Seventh Circuit, the court is persuaded that the application approach is correct.").

Patry endorses the registration—as opposed to the application—approach. 5 William F. Patry, Patry on Copyright § 17:78 (2016 ed.) ("Section 411(a)'s terms are clear and unambiguous: no action for infringement, whether in the complaint or in a counterclaim, may be instituted until registration has been made or refused. Since it is the Copyright Office that 'makes' the registration, not the claimant, merely applying for registration is wholly insufficient." (footnote omitted)). In fact, the treatise dismisses the availability of an alternative interpretation: "it is inaccurate to say there are two schools of *interpretation* on Section 411(a): there is only one, the plain meaning approach which requires actual registration or a refusal." *Id.* Patry provides a scathing review of Nimmer's analysis of the issue. The court will not reproduce the discussion in full here, but Patry's position is persuasive. Patry firmly rejects the popular policy argument used to support the application approach, namely, that the registration approach unnecessarily delays civil suits when the suit will be allowed to proceed regardless of the outcome:

> Concern by some courts that unless section 411(a) is deemed satisfied by mere receipt of an application, claimants will be left in a "legal limbo" while the Copyright Office reviews the application, or that it is "unfair" to []refuse the plaintiff the opportunity to sue for infringement until the Copyright Office takes some action when plaintiff will be able to sue after that determination, displace a clear statutory scheme with one that conforms to courts' personal sense of equity; such courts give judicial activism a bad name.

*Id.* § 17:82 (footnotes omitted).

The court will resist the temptation to stray from § 411(a)'s plain meaning in favor of policy considerations. The statute is clear: a party may not institute a civil infringement action before registration "has been made." The passive voice hides the ball a bit, as does the somewhat peculiar word choice here: not only does the statute not explicitly identify *who*

4

makes the registration, but typically an applicant *makes an application* while the Register *issues the registration*. The court is inclined to agree with Patry that the Register must make—i.e., issue—the registration. And the next line in the statute supports this interpretation: "In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement[.]" 17 U.S.C. § 411(a). *In any case*, meaning regardless of whether registration "has been made," an applicant may commence a civil infringement action once the Register refuses registration. Either registration is made or it is not, and if it is not, a refusal triggers an applicant's right to sue. *Gaiman* provides the Seventh Circuit's most recent, clear understanding of the issue and corroborates this interpretation: "an application to register must be filed, and either granted or refused, before suit can be brought." 360 F.3d at 655.

There are sound policy arguments for the application approach, but they do not count for much in the face of statutory text with a clear meaning. And those policy arguments would not have much traction in this case. Robbins proposes to proceed here with a class action, so it is hard to see why Robbins and the putative class counsel would not simply expedite the application for registration. The cost—$800—seems very modest for a case brought on behalf of numerous defendants.

In this case at least, the court will follow the registration approach. Accordingly, the court will grant defendants' motions to dismiss: Robbins did not obtain a certificate of registration or a refusal from the Register before he filed suit.

ORDER

IT IS ORDERED that:

1. Defendants Nicholas Martin and Gerald Miller's motion to dismiss, Dkt. 12, is GRANTED.

2. Defendants Scott's Brewery Collectibles, LLC, and Scott Svehla's motion to dismiss, Dkt. 15, is GRANTED.

3. Plaintiff Joe Robbins's case is DISMISSED without prejudice.

4. The clerk of court is directed to enter judgment for defendants and close this case.

Entered November 22, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge